# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

———————————————————————X

Christopher Millea

    Plaintiff

VS.

Metro-North Railroad Company

    Defendant

———————————————————————X

Civil Action
No: 3:06CV01929(VLB)

March 10, 2009

## PROPOSED JURY INSTRUCTIONS

The plaintiff respectfully submits these preliminary requests to charge based on its present understanding of the case. The plaintiff has attempted to incorporate as much of Metro North's proposed instructions as possible, but could not incorporate all of what Metro North may wish to see included. The Metro North proposed instructions that are not included here are objected to on the grounds that they either do not apply to the facts of this case or are not a short and accurate statement of the applicable legal principles. Metro North's complete proposed jury instructions are set forth following the plaintiff's attempt to resolve the differences. The parties reserve the right to submit supplemental or additional jury instructions as indicated.

**Introductory Instruction**

In this case, the Plaintiff Christopher Millea has made a claim under the Family and Medical Leave Act, or the "FMLA" as it is often called. The FMLA is a federal statute that prohibits an employer from interfering with or discriminating against an employee's exercise of the right granted in the FMLA to take unpaid leave because of a serious health condition. FMLA leave may be taken as a block of time, or it may be taken on an intermittent or irregular basis as needed. The type of FMLA leave that concerns us here is intermittent leave.

Specifically, the plaintiff Christopher Millea is a Gulf War combat veteran with a diagnosed condition of chronic combat related Post Traumatic Stress Disorder, often referred to as "PTSD." He is employed by the defendant Metro North Railroad as a clerk-custodian, and exercises his FMLA statutory right to take irregular intermittent FMLA leave as needed to deal with the symptoms of his PTSD condition.

Mr. Millea claims that beginning in the summer of 2006 and up to the present, his employer Metro North Railroad retaliated against him for exercising his right to take intermittent days of FMLA leave by attempting to discourage him from exercising his FMLA rights, by disciplining him for taking intermittent FMLA leave, and by otherwise discriminating against him in his daily workplace experience. Mr. Millea is claiming that Metro North's retaliatory actions aggravated or worsened his PTSD condition, and he is claiming damages for his resulting lost wages and benefits and emotional distress.

The defendant Metro-North Railroad denies that it has violated any of Mr. Millea's rights under the FMLA and further denies Mr. Millea's claim that Metro-North intentionally inflicted emotional distress upon him. Specifically, Metro-North claims that

2

it has not interfered with Mr. Millea's exercise of his right to take intermittent leave and that Metro-North's disciplining of Mr. Millea was unrelated to Mr. Millea's FMLA absences. Metro North claims Mr. Millea has not suffered any economic damages and also denies that its conduct was extreme or outrageous or that its conduct caused the emotional distress Mr. Millea claims to have suffered during the relevant period of time.

Model Jury Instructions (Civil) Third Circuit 10.0 (2008); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.40 (2008).

## FMLA INSTRUCTIONS

### FMLA Definition of Employer

Under the FMLA, the term "employer" means any person engaged in commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current of preceding calendar year. Here, it is agreed that Metro North Railroad qualifies as an employer under the FMLA.

The term employer includes any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer or any successor in interest of an employer. This means that the actions or inaction of any of Christopher Millea's Metro North's supervisors or managers are deemed to be the actions or inactions of Metro North Railroad itself.

**Source of Instruction:** 29 U.S.C. §2611(4); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.54 (2008).

**Intermittent Leave for a Serious Health Condition**

An employee may take FMLA leave intermittently on an irregular unforeseen basis to care for his own serious health condition when it is medically necessary.  Here, it is stipulated that the Plaintiff Christopher Millea's PTSD condition was a serious health condition for which he was entitled to intermittent FMLA leave.

**Source of Instruction**: 29 U.S.C. §2612(b)(1); McNamara et al., <u>Federal Employment Jury Instructions</u>, Vol. II 8.320 (2008).

Mr. Millea is bringing two claims under the FMLA: for interference, and for retaliation.

**Elements of FMLA Interference Claim**

The elements of a prima facie interference claim are:

(1) that the employee was eligible for leave;

(2) that the defendant was an employer;

(3) that the employee was entitled to leave;

(4) that the employee gave notice of an intention to take leave; and

(5) that the defendants denied the employee's rights.

*Almeida v. Athena Health Care Assoc., Inc.*, No. 3:07cv517 (PCD), 2009 U.S. Dist. LEXIS 15103 at *41 (D. Conn. Feb. 26, 2009); *Gauthier v. Yardney Technical Products, Inc.,* 2007 U.S.Dist. LEXIS 67448 *9-12 (D.Conn.) (VLB).

For purposes of this trial, the parties have stipulated that the first three elements are satisfied.  I will now address the last two elements.

**Notice for FMLA Leave**

The United States Department of Labor has issued two regulations defining what notice is appropriate when taking FMLA leave: one for leave that is foreseeable, and another regulation for leave that is not foreseeable.

For leave that is foreseeable, "an employee must provide the employer at least 30 days advance notice before FMLA leave is to begin." 825.302(a). For leave that is foreseeable, "An employer may also require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave." 825.302(d).

For leave that is not foreseeable, that is, when the "timing of the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case." 825.303(a). The phrase 'as soon as practicable' "means as soon as is both possible and practical, taking into account all of the facts and circumstances in the individual case." 825.302(b). For unforeseeable leave,

(a) . . . It is expected that an employee will give notice to the employer within no more than one or two working days of learning of the need for leave, except in extraordinary circumstance where such notice is not feasible. In the case of a medical emergency requiring leave because of an employee's own serious heath condition . . . written advance notice pursuant to an employer's internal rules and procedures may not be required when FMLA is involved.

(b) The employee should provide notice to the employer either in person or by telephone, telegraph, facsimile ("fax") machine or other electronic means. . . . The employee need not expressly assert right under

the FMLA or even mention the FMLA, but may only state that leave is needed. The employer will be expected to obtain any additional required information through informal means. The employee . . . will be expected to provide more information when it can readily be accomplished as a practical matter, taking into consideration the exigencies of the situation."

**Source of Instruction**: Notice Requirements for Unforeseeable Leave, 29 CFR 825.303; Draft Model Jury Instructions (Civil) Eighth Circuit §5.83F (2004); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.180 (2008).

## What Constitutes Interference With FMLA Rights

It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. Such unlawful interference includes ordering an employee not to take leave or discouraging an employee from taking leave.

**Source of Instruction**: 29 U.S.C. §2615(a)(1); 29 CFR 825.220(b); *Potenza v. City of New York*, 365 F.3d 165, 167 (2d Cir. 2004); *Gauthier v. Yardney Technical Products, Inc.*, 2007 U.S.Dist. LEXIS 67448 *9-12 (D.Conn.) (VLB); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.51 (2008).

The plaintiff's second claim is that Metro North discriminated and retaliated against him because he exercised his FMLA rights.

## FMLA Claim for Discrimination and Retaliation

It is unlawful for any employer to retaliate against or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA. Because FMLA leave cannot be used as the basis for disciplining an employee,

6

it is unlawful for an employer to discipline an employee for absences taken under the protection of the FMLA.

In order to establish a claim for retaliation under the FMLA, a plaintiff employee is required to show that he exercised his rights protected under the FMLA, he suffered an adverse employment action, and the adverse action occurred under circumstances giving rise to an inference of retaliatory intent.

**Source of Instruction**: 29 U.S.C. §2615(a)(2); *Potenza v. City of New York,* 365 F.3d 165, 168 (2d Cir. 2004); *Gauthier v. Yardney Technical Products, Inc.*, 2007 U.S.Dist. LEXIS 67448 *9-12 (D.Conn.) (VLB); *Hamilton v. Sirius Radio, Inc.,* 375 F.Supp.2d 269, 275 (SDNY 2005); *Burlington Northern and Sante Fe Railway Co. v. White*, 548 U.S. 53, 69 (2006); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.52 (2008).


**Elements of FMLA Discrimination and Retaliation Claim**

First, Mr. Millea must prove that:

(1) he exercised rights protected under the FMLA;

(2) he suffered one or more adverse employment actions; and

(3) the adverse employment action or actions occurred under circumstances giving rise to an inference of retaliatory intent.

In this case, there is no dispute that Mr. Millea exercised his right protected under the FMLA to take intermittent leave for his PTSD condition.

Mr. Millea claims that Metro-North took one or more adverse employment actions against him by disciplining him for actions protected by the FMLA, by forcing him to undergo an unnecessary and uncalled for medical recertification, by delaying his winning job bid for

Lead Custodian, and by placing him under the surveillance of managers so as to intimidate and harass him.

If you find Mr. Millea has proven one or more of those adverse actions, then you must decide whether Metro-North has offered a legitimate non-discriminatory reason for each of those adverse actions.  If Metro-North does not prove it had a legitimate non-discriminatory reason for its conduct, then you must find for the plaintiff Mr. Millea.

If you find that Metro-North has offered a legitimate non-discriminatory reason for taking disciplinary action against Mr. Millea, the last step of your analysis is to decide whether Mr. Millea has established that the reason offered by Metro North is a pretext for discrimination. That is, Mr. Millea must prove by a preponderance of the evidence that Metro-North would not have taken the same action against Mr. Millea, had Mr. Millea not taken FMLA leave.

*Potenza v. City of New York, 365 F. 3d 165, 168 (2d Cir. 2004); Gauthier v. Yardney Technical Products, Inc.*, 2007 U.S.Dist. LEXIS 67448 *9-12 (D.Conn.) (VLB)


**When an Employer May Request Recertification**

"For FMLA leave taken intermittently . . . the employer may not request recertification in less than the minimum period specified on the certification as necessary for such leave . . . unless:

(3) The employer receives information that casts doubt upon the continuing validity of the certification.

(e) Any recertification requested by the employer shall be at the employee's expense unless the employer provides otherwise.  No second or third opinion on recertification may be required."

8

29 CFR 825.308(b)(2) and (c).

## Damages Available

In this case, Plaintiff is seeking money damages.  It is Plaintiff's burden to prove by a preponderance of the evidence that he actually suffered damages and that such damages were directly caused by Defendant.

If you find for Plaintiff, then you must award him such sum as you determine by a fair preponderance of the evidence that Plaintiff incurred as a direct result of Defendant's violation. The FMLA limits Plaintiff's recovery to an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation.

**Source of Instruction**: 29 U.S.C. §2617(1). Adopted from Model Jury Instructions (Civil) Eighth Circuit §5.02 (2001); McNamara et al., <u>Federal Employment Jury Instructions</u>, Vol. II 8.860 (2008).

## Back Pay Damages

If you find that Plaintiff was a victim of discrimination because of FMLA-protected conduct, then Plaintiff is entitled to back pay.  Back pay includes the regular wages Plaintiff would have earned had the Defendant employer not disciplined or otherwise retaliated or discriminated against him.  The "FMLA allows a plaintiff to recover damages for absences from work that were caused by an emotional condition that itself resulted from the employer's wrongful denial of FMLA leave." *Farrell v. Tri-County Metropolitan Tranps. Dist. of Oregon,* 530 F.3d 1023 (9th Cir. 2008).  Thus, as part of back pay Mr. Millea can recover wages or benefits lost by reason of Metro North's

violation of the FMLA, including for days lost because of stress or other mental problems resulting from Metro North's violation of the FMLA.

**Source of Instruction**: Adopted from Model Jury Instructions (Civil) Eighth Circuit §5.02 (2001); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.920 (2008).

### Good Faith Defense to Liquidated Damages

If you find the defendant Metro North violated one or more of the plaintiff's rights under the FMLA, then you must decide whether Metro North acted in good faith. You must find Metro North acted in good faith if you find by the preponderance of the evidence that when Metro North Railroad acted to discipline and otherwise retaliate against the Plaintiff Christopher Millea, Metro North honestly intended and reasonably believed that its actions complied with the FMLA.

**Source of Instruction**: Draft Model Jury Instructions (Civil) Eighth Circuit §5.86 (2004); McNamara et al., Federal Employment Jury Instructions, Vol. II 8.910 (2008).

### Connecticut Intentional Infliction of Emotional Distress Instructions

### Intentional Infliction of Emotional Distress

The plaintiff Christopher Millea has alleged a cause of action for what is known as intentional infliction of emotional distress. In order to succeed on this claim you must find Mr. Millea has proven to you by a fair preponderance that the defendant Metro North intended to inflict emotional distress or that Metro North knew or should have known that emotional distress would likely result from its conduct. Furthermore, the plaintiff is required to prove that the conduct was extreme and outrageous and that the

defendant's conduct was the proximate cause of the plaintiff's distress.  The plaintiff also must establish that the emotional distress he experienced was severe.

Here, the plaintiff Christopher Millea alleges that the defendant Metro North Railroad acted with malice and bad faith or with reckless disregard for the consequences of its actions, and thereby caused him to experience extreme emotional distress.  Mr. Millea claims as a result of Metro North's conduct he suffered extreme anxiety in the form of panic attacks and other aggravations of his PTSD condition.  If you find that Mr. Millea has proven by a fair preponderance that he suffered such extreme emotional distress, then you may award damages as are fair, just, and reasonable to compensate him for such emotional distress.

**Source**: Wright & Ankerman, Connecticut Jury Instructions (Civil), Vol. 1 Section 240g (4th ed. 2008).


**Aggravation of Pre-Existing Condition**

The plaintiff Christopher Millea is entitled to recover full compensation for all damage proximately resulting from the defendant Metro North's conduct even though his injuries might be more serious than they would otherwise have been because of Mr. Millea's pre-existing nervous condition.  A defendant takes a plaintiff as it finds him.  If the wrongful acts of the defendant Metro North were a substantial factor in lighting up or aggravating Mr. Millea's pre-existing PTSD condition, Millea is entitled to damages to the extent that his condition was so aggravated or will in the future be so aggravated.

**Source**: Wright & Ankerman, Connecticut Jury Instructions (Civil), Vol. 1 Section 235 (4th ed. 2008).

11

**Income Tax**

Any award you make to the plaintiff in this case will not be subject to income tax, and you should not consider such taxes in fixing the amount of your award.

*Norfolk & Western Ry. Co. v. Liepelt,* A44 U.S.490, 100 S. Ct. 755, 62 L.Ed. 2d 689 (1980).

**Metro-North's Proposed Jury Instructions**

The defendant respectfully submits these preliminary requests to charge based on its present understanding of the case. The defendant reserves its right to supplement these charges based on the evidence admitted at trial, as the defendant cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach its verdict.

## REQUEST NO. 1

### DEFINITION OF 29 U.S.C. & 2617

With respect to the specific claims in his case, the plaintiff, Christopher Millea, brings three different kinds of claims in this lawsuit. First, Mr. Millea brings two claims pursuant to Section 2601 of the United States Code, which is called the Family and Medical Leave Act, or "FMLA." Section 2617 of the FMLA provides that a person may seek relief in this court by way of damages or equitable relief against an employer that interferes with, restrains or denies that person's exercise of, or the attempt to exercise, his rights to FMLA leave. Section 2617 also allows a person to seek relief in this court by way of damages or equitable relief against an employer that discharges or discriminates against that person for opposing any practice that is prohibited under the FMLA.

## REQUEST NO. 2

### ELEMENTS OF A FMLA INTERFERENCE CLAIM

The FMLA provides employees two rights and two claims: (1) the substantive right to FMLA leave; and (2) protection against discrimination or retaliation for exercising their substantive rights. See Almeida v. Athena Health Care Assoc., Inc., No. 3:07cv517 (PCD),

2009 U.S. Dist. LEXIS 15103 at *41 (D. Conn. Feb. 26, 2009).  The first type of claim is called an interference claim, and the second a retaliation claim. Id.

The elements of a prima facie interference claim are:

(1) that the employee was eligible for leave;

(2) that the defendant was an employer;

(3) that the employee was entitled to leave;

(4) that the employee gave notice of an intention to take leave; and

(5) that the defendants denied the employee's rights.

Id.

Mr. Millea may not recover on an interference claim against Metro-North unless Mr. Millea has proven, by a preponderance of the evidence, each of those elements.  For purposes of this trial, the parties have stipulated to the first three elements. In order to recover, however, Mr. Millea must prove, by a preponderance of the evidence, that he gave appropriate notice of his intention to take leave, and that Metro-North denied Mr. Millea his rights. I will now address in greater detail these two elements.

## **REQUEST NO. 3**

### Fourth Element of FMLA Interference Claim: Notice of Intention to Take Leave

In order to prove the fourth element of an FMLA interference claim, Mr. Millea must prove that he gave appropriate notice of his intention to take FMLA leave.  Where Mr. Millea's need for FMLA leave was foreseeable, he was required to notify Metro-North at least 30 days in advance of the day or days of leave he will require.  Where Mr. Millea's need for FMLA leave was not foreseeable, "appropriate notice" in this instruction means that Mr. Millea must have notified Metro-North of Mr. Millea's need for leave as soon as practicable after Mr. Millea

14

learned of the need to take leave, taking into account all of the facts and circumstances in this case. Although it is not mandated to do so, Metro-North is entitled to require an employee to comply with the Metro-North's usual and customary notice and procedural requirements for requesting leave.

Almeida v. Athena Health Care Assoc., Inc., No. 3:07cv517 (PCD), 2009 U.S. Dist. LEXIS 15103 at *41 (D. Conn. Feb. 26, 2009);

Kevin F. O'Malley et al., Federal Jury Practice and Instructions - Civil, Volume 3C, §§ 179.34 and 179.35 (5t Ed. 2001, Supp. 2008)

29 C.F.R. §§ 825.303.

## REQUEST NO. 4

### Fifth Element of FMLA Interference Claim: Denial of Employee's Rights

In order to prove the fifth element of an FMLA interference claim, Mr. Millea must prove that Metro-North interfered with, restrained or denied Mr. Millea's entitlement to take time off from work. This means that Mr. Millea must prove that he was actually denied the benefits to which he was entitled under the FMLA.

Almeida v. Athena Health Care Assoc., Inc., No. 3:07cv517 (PCD), 2009 U.S. Dist. LEXIS 15103 at *41 (D. Conn. Feb. 26, 2009);

Geromanos v. Columbia Univ., 322 F. Supp. 2d 420,427 (S.D.N.Y. 2004).

## REQUEST NO. 5

### FMLA RETALIATION CLAIM

The second type of claim under the FMLA is called a retaliation claim. You must evaluate Mr. Millea's retaliation claim as follows. First, Mr. Millea must prove that Metro-North discriminated against him for taking FMLA leave. Second, Metro-North must offer a legitimate

non-discriminatory reason for its actions.   Third, Mr. Millea must provide that Metro-North's stated reason was a pretext for discrimination. I will discuss these three steps of your analysis in a little greater detail.

Sista v. CDC !xis N. Am. Inc., 445 F.3d 161, 169 (2d Cir. 2006).

## REQUEST NO. 6

### First Step: Discrimination

Mr. Millea first must prove that Metro-North discriminated against him for taking FMLA leave.  This means that Mr. Millea must prove that:

(1) he exercised rights protected under the FMLA;

(2) he suffered an adverse employment action; and

(3) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.

Potenza v. City of New York, 365 F. 3d 165, 168 (2d Cir. 2004).

## REQUEST NO. 7

### Second Step: Non-discriminatory Reason

In this case, Mr. Millea claims that Metro-North took an adverse employment action against Mr. Millea by issuing a "reprimand." In the second step of this analysis, you must decide whether Metro-North has offered a legitimate non-discriminatory reason for issuing this reprimand.

Potenza v. City of New York, 365 F. 3d 165, 168 (2d Cir. 2004).

**REQUEST NO. 8**

Third Step: Pretext

If you find that Mr. Millea has proven that Metro-North discriminated against him, and you find that Metro-North has offered a legitimate, non-discriminatory reason for taking disciplinary action against Mr. Millea, then Mr. Millea must prove to you that the reason Metro-North has offered is a pretext for discrimination.  That is, Mr. Millea must prove by a preponderance of the evidence that Metro-North would not have taken the same action against Mr. Millea, had Mr. Millea not taken FMLA leave.

Potenza v. City of New York, 365 F. 3d 165, 168 (2d Cir. 2004).

**REQUEST NO. 9**

EMPLOYER'S RIGHT TO REQUEST RECERTIFICATION FROM EMPLOYEE'S HEALTH CARE PROVIDER

An employer is entitled to request recertification of an employee's medical condition at any reasonable interval. An employer may request such recertification more often than every 30 days if one of the following occurs:

1.  The employee requests an extension of leave;

2.   Circumstances described by the previous certification have changed significantly (e.g., the duration of the illness, the nature of the illness, comp1ications;.or

3.   The employer receives information that casts doubt upon the continuing validity of the certification.

17

## REQUEST NO. 10

### FMLA DAMAGES

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Metro-North should be held liable, or whether Mr. Millea is entitled to any damages.

In order to recover under the FMLA, it is not enough that Mr. Millea prove that Metro-North interfered with Mr. Millea's exercise, or attempt to exercise, his FMLA rights, or that Metro-North discriminated against Mr. Millea for exercising, or attempting to exercise, such rights.  Rather, Mr. Millea also must prove by a preponderance of the evidence that he has been financially prejudiced by the violation.  That is, Mr. Millea must prove that he suffered a concrete monetary loss as a result of the violation.

If you find that Mr. Millea has not incurred any concrete economic losses as a result of Metro-North's conduct, then you must return a verdict for Metro-North on both of Mr. Millea's FMLA claims.  If, on the other hand, you find that Mr. Millea has proved that Metro-North violated the FMLA and that Mr. Millea was financially prejudiced by that violation, then you must assess damages according to the following Instruction.

Roberts v. Health Assoc., No. 07-3553-cv, 2009 U.S. App. LEXIS 1944, at *3 (2d Cir. February 3, 2009);

Ragsdale v. Wolverine World Wide, 535 U.S. 81, 89 (2002).

18

## **REQUEST NO. 11**

### Calculation of FMLA Damages

An employer who violates the FMLA is liable for damages equal only to Mr. Millea's concrete, monetary losses.  If you find in favor of Mr. Millea, he is entitled to recover damages equal to the following:

(1) the amount of:

( a)  any wages, salary, employment benefits, or other compensation denied or lost to Mr. Millea by reason of the violation; or

(b)  if Mr. Millea has not lost any wages, salary, employment benefits, or other compensation, any actual monetary losses Mr. Millea sustained as a direct result of the violation, up to a sum equal to 12 weeks of wages or salary for Mr. Millea;

(2) interest on the amount described in (1) above; and

(3) liquidated damages equal to the sum of the amount described in (1) and the interest described in (2).

If you find that Mr. Millea has not suffered any of the above types of economic losses, then he is not entitled to recover any damages under the FMLA, and you must return a verdict in favor of Metro-North on Mr. Millea's FMLA claims.

29 U.S.C. § 2617(a);

Kevin F. O'Malley et al., Federal Jury Practice and Instructions - Civil, Volume 3C, § 179.60 (5t Ed. 2001, Supp. 2008).

## REQUEST NO. 12

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

In addition to his claims under the FMLA, Mr. Millea claims that Metro-North is liable under Connecticut law, for the intentional infliction of emotional distress. In order to recover for this claim, Mr. Millea must prove four elements by a preponderance of the evidence.  He must prove:

(1) that Metro-North intended to inflict emotional distress or that it knew or should have known that emotional distress was the likely result of its conduct;

(2) that Metro-North's conduct was extreme and outrageous;

(3) that Metro-North's conduct was the cause of Mr. Millea's distress; and (4) that the emotional distress Mr. Millea sustained was severe.

Mr. Millea must prove each of these elements in order to recover. I will now talk to you more specifically about each of these four elements.

Carrol v. Allstate Ins. Co., 262 Conn. 433, 442-43 (2003).

## REQUEST NO. 13

### First Element:  Intent to Cause Emotional Distress

Intent to cause :injury is the gravamen of the tort of intentional infliction of emotional distress.  In order to recover damages for his intentional infliction of emotional distress claim, Mr. Millea first must prove by a preponderance of the evidence that Metro-North acted with an intent to cause Mr. Millea emotional distress, or that Metro-North knew or should have known that its conduct was likely to result in emotional distress to Mr. Millea.  Metro-North can only be held liable if you find that it intentionally and unreasonably subjected Mr. Millea to emotional distress.

20

If you find that Metro-North's conduct was not intentional, as described above, you must return a verdict for Metro-North. If you find that Mr. Millea has proven that Metro-North acted with the requisite intent, then you must proceed to the next element.

DeLaurentis v. New Haven, 220 Conn. 245.,267(1991);

Newmand and Wildstein, Tort Remedies in Connecticut,§ 12-6(a)(1);

Carrol v. Allstate Ins. Co., 262 Conn. 433, 442-43 (2003).

## REQUEST NO. 14

### Second Element: Extreme and Outrageous Conduct

If you find that Mr. Millea has proven that Metro-North acted with intent as described in the previous Instruction, then you must determine whether Mr. Millea has satisfied the second element of his intentional infliction of emotional distress claim. In order to satisfy the second element, Mr. Millea must prove that Metro-North's conduct was "extreme and outrageous." This requires that Metro-North's conduct exceeded all bounds usually tolerated by decent society. The conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, a case involving extreme and outrageous conduct is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!

Conduct on the part of Metro-North that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

In the employment context, it is the employer's conduct, not the motive behind the conduct that must be extreme or outrageous. Furthermore, individuals, including Mr. Millea,

21

should reasonably expect to be subject to investigatory action arising from alleged employee misconduct. Metro-North's decision to investigate his conduct, or to discipline him for his conduct, does not rise to the level of extreme and outrageous conduct.

If you find that Metro-North's conduct was not extreme and outrageous, as defined in this Instruction, then you must return a verdict for Metro-North. If you find that Mr. Millea has satisfied this element, then you must move on to the next element.

Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (2003);

Robinson v. New Haven, No. 3:07cv1345 (VLB), 2008 U.S. Dist. LEXIS 63543, at *9 (D. Conn. August 19,2008).

## REQUEST NO. 15

### Third Element: Causation

The defendant is not to beheld responsible for any injuries the plaintiff may suffer. which resulted from any cause other than that complained of by the plaintiff. If any of the damages or injuries were not caused by the acts complained of by the plaintiff, they cannot be considered by you, and the plaintiff cannot recover for them.

Even if you find the first two elements satisfied, that would not necessarily afford the basis for a recovery by Mr. Millea. He must prove more: Mr. Millea must prove to you by a fair preponderance of the evidence that the intentional conduct on the part of the defendant caused the emotional distress he claims to have suffered. In other words, to prevail on his intentional infliction of emotional distress claim, Mr. Millea must establish that Metro-North's conduct legally caused him emotional distress.

There are two components to legal cause. The first is causation in fact. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. In

other words, if Mr. Millea would have experienced emotional distress even if Metro-North had done what Mr. Millea claims it did, then Metro-North's conduct, as claimed in this lawsuit, would not be the cause in fact of the accident.  In that event, you must find in favor of Metro-North.

The second component of legal cause is proximate cause, which is an actual cause in fact that is a substantial factor in the resulting harm.  A substantial factor is one which must have continued until the moment of damage or, at least, down to the setting in motion of the final active injurious force which immediately produced or preceded the damage.  Even if you find that Metro-North's conduct was a cause in fact of the emotional distress Mr. Millea claims to have suffered, that does. not mean that Metro-North's conduct is also a substantial factor so as to make it a proximate cause.  In order for Metro-North's conduct to be a substantial factor in the production of Mr. Millea's injuries, you must find that the injuries suffered by Mr. Millea were of the same general nature as that which was reasonably foreseeable as a result of Metro-North's conduct. In applying this test,. you. should look from the injury to the conduct complained of for the necessary causal connection.

Mahoney v. Beatman, 110 Conn. 184, 195 - 197 (1929).

Ferndale Dairy, Inc. v. Geiger, 167 Conn. 533, 538(1925). Doe v. Manheirner, 212 Conn. 748,758 (1989).

Kiniry v.Danbury Hospital, 183 Conn. 448, 445, footnote 2 (1981). Peterson v. Oxford, 189 Conn. 740, 749 (1983).

## REQUEST NO. 16

### Fourth Element: Severe Emotional Distress

If you find that Mr. Millea has proven the first three elements of his intentional infliction of emotional distress claim, then you must decide whether his distress was sufficiently severe to allow him to recover damages.  For purposes of this element, emotional distress is severe only where it is extreme - that is, only where the distress is so severe that no reasonable person could be expected to endure it. In determining whether Mr. Millea's distress was severe, you should consider the intensity and duration of his distress.

1 Restatement (Second), Torts §46, comment G) (1965);

Stancuna v. Schaffer, No. CV 085018031,2008 Conn. Super. LEXIS 3217, at *12 (D. Conn. Dec. 15,2008).

## REQUEST NO. 17

### Intentional Infliction of Emotional Distress: Damages

The rule of compensatory damages for Mr. Millea's intentional infliction of emotional distress claim is as follows. I f you return a verdict of Mr. Millea, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of any of Metro-North' s conduct that was intended to cause Mr. Millea emotional distress.

You may award actual damages only for those injuries which you find Mr. Millea has proven by a preponderance of the evidence.  Moreover, you may award actual damages only for those injuries which you find Mr. Millea has proven by a preponderance of the evidence to have been the direct result of Metro-North's conduct that satisfies the four elements of intentional infliction of emotional distress, which I just described for you.  That is, you may not

simply award actual damages for any injury suffered by Mr. Millea - you must award actual damages only for those injuries that are a direct result of Metro-North's conduct and that are a direct result of its conduct that constitutes intentional infliction of emotional distress. Sympathy can play no role in your decision as to damages.

If you find for Mr. Millea, but you find that he has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.

Your compensatory damages award may not include any compensation for attorney's fees or legal costs related to this civil proceeding.

## REQUEST NO. 18

### INCOME TAX

Any award you make to the plaintiff in this case will not be subject to income tax, and you should not consider such taxes in fixing the amount of your award.

Norfolk & Western Ry. Co. v. Liepelt,A44 U.S.490, 100 S. Ct. 755, 62 L.Ed. 2d 689 (1980).

## REQUEST NO. 19

(If plaintiff is permitted to introduce evidence of drug testing)

### DRUG TESTING (OF EMPLOYEES WHO HOLD COMMERCIAL :DRIVERS LICENCES

Federal law requires employers, such as Metro-North, to conduct drug screens for employees who hold commercial driver's licenses and are employed in safety sensitive positions.  No employer is permitted to allow such an employee, who the employer intends to hire or use, to perform safety-sensitive functions unless the employer has received a controlled substances test result indicating a verified negative test result for that driver.

49 C.F.R. Part 40;
49 C.F.R. Part 382.

Dated:  March 10,  2009                 FOR THE PLAINTIFF,


                                        BY _____ /s/  Charles C. Goetsch ___
                                           Charles C. Goetsch [ct0776]
                                           CAHILL, GOETSCH & PERRY, P.C.
                                           43 Trumbull Street
                                           New Haven, Connecticut  06511
                                           (203) 777-1000


### CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2009 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                                        _____ /s/  Charles C. Goetsch ___
                                           Charles C. Goetsch