UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher Millea | Civil Action |
| Plaintiff | No: 3:06cv01929(VLB) |
| VS. | |
| Metro-North Railroad Company | |
| Defendant | May 13, 2009 |

## PLAINTIFF'S SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND AMENDED PROPOSED JURY INSTRUCTIONS

**SUPPLEMENTAL INSTRUCTIONS:**

*Lost Wages for Emotional Condition Resulting From Wrongful Denial of Leave*

The FMLA allows a plaintiff to recover damages for absences from work that were caused by an emotional condition that itself resulted from the employer's wrongful interference with an employee's attempt to take FMLA leave or from an employer's retaliation against an employee for exercising his rights under the FMLA. See Farrell v. Tri-County Metropolitan Transp. Dist. of Oregon, 530 F.3d 1023, 1025 (9th Cir. 2008). In other words, if the plaintiff proves that he lost wages due to stress or other mental problems resulting from the defendant's wrongful interference or retaliation against him for exercising his FMLA rights, you can award him such damages. See Id.

*Interference With FMLA Rights*

An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the FMLA. 'Interfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. Interference would also include manipulation by a covered employer to avoid responsibilities under the FMLA.

An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.

29 U.S.C. § 825.220(a), (b) and (c); Sabbrese v. Lowe's Home Centers Inc., 320 F.Supp. 2d 311, 330 (W.D. Pa. 2004)(holding that reasonable persons could conclude that disciplining the plaintiff after the employer acknowledged his right to take leave 'chilled' or otherwise discouraged the plaintiff' assertion of his FMLA rights); Potenza v. City of New York, 365 F.3d 165, 167 (2nd Cir. 2004).

**AMENDED PROPOSED JURY INSTRUCTION:**

Based on the 2006 Supreme Court's decision in Burlington Northern & Santa Fe. Railway Co. v. White., 548 U.S. 53, 67-68, 126 S. Ct. 2405, 2415 (2006), the plaintiff hereby amends his proposed jury instruction on "Elements of FMLA Discrimination and Retaliation Claim." In Burlington Northern, the Supreme Court changed the standard a jury must consider in order to find that retaliation occurred. The standard is no longer whether the employee suffered "adverse employment actions" but rather, whether a reasonable employee in the plaintiff's position would have found the alleged retaliatory action materially adverse? Retaliatory action is 'materially adverse' if the actions would have been likely to dissuade or deter a reasonable worker in the plaintiff's position from exercising his legal rights. Although Burlington Northern involved a Title VII claim, the standard used in the FMLA context prior to Burlington

Northern was adopted from Title VII claims. To date, two circuit courts have held that Burlington Northern applies to FMLA claims. Breneisen v. Motorola, Inc., 512 F3d 972, 979 (7th Cir. 2008); McCardle v. Dell Products, L.P., 293 Fed. Appx. 331, 337 (5th Cir. 2008)(Unpublished opinion).

*Elements of FMLA Discrimination and Retaliation Claim*

First, Mr. Millea must prove that:
1.) he exercised rights protected under the FMLA;
2.) a reasonable employee in the plaintiff's position would have found the alleged retaliatory action 'materially adverse,' which in this context means, would the railroad's alleged retaliatory actions have been likely to dissuade or deter a reasonable worker in the plaintiff's position from exercising his rights under the FMLA?
3.) did the alleged actions occur under circumstances giving rise to an inference of retaliatory intent?

In this case, there is no dispute that Mr. Millea exercised his rights protected under the FMLA to take intermittent leave for his PTSD condition.

Mr. Millea claims that Metro-North retaliated against him by disciplining him for actions protected by the FMLA, by forcing him to undergo an uncalled for psychiatric medical examination, by delaying his winning job bid for lead custodian, by placing him under the surveillance of managers so as to intimidate and harass him and by threatening him for taking FMLA leave and forcing him to bid another job.

If you find Mr. Millea has proven that a reasonable employee in his position would have found these actions materially adverse in that Metro-North's actions would have been likely to dissuade or deter a reasonable worker in Mr. Millea's position from exercising his rights under the FMLA, then you must decide whether Metro-North has offered a legitimate non-discriminatory reason for its actions. If Metro-North does not prove it had a legitimate non-discriminatory reason for its conduct, then you must find for Mr. Millea.

If you find that Metro-North has offered a legitimate non-discriminatory reason for its actions against Mr. Millea, the last step of your analysis is to decide whether Mr. Millea has established that the reason offered by Metro-North is a pretext for discrimination. That is, Mr. Millea must prove by a preponderance of the evidence that Metro-North would not have taken the same action against Mr. Millea, had Mr. Millea not taken FMLA leave.

Burlington Northern & Santa Fe. Railway Co. v. White., 548 U.S. 53, 67-68, 126 S. Ct. 2405, 2415 (2006); Breneisen v. Motorola, Inc., 512 F3d 972, 979 (7th Cir. 2008); Potenza v. City of New York, 365 F.3d 165, 167 (2nd Cir. 2004).

FOR THE PLAINTIFF,

BY      /s/ Charles C. Goetsch
Charles C. Goetsch [ct00776]
Cahill, Goetsch & Perry, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2009 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/ Charles C. Goetsch
                                            Charles C. Goetsch [ct00776]