UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher Millea<br><br>    Plaintiff<br><br>VS.<br><br>Metro-North Railroad Company<br><br>    Defendant | Civil Action<br>No: 3:06cv01929(VLB)<br><br><br><br><br><br>May 15, 2009 |

## PLAINTIFF'S THIRD SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

### 1. Corporation Can Act Only Through Employees

Since a corporation can act only through its officers, or employees, the burden is on the plaintiffs to establish, by a preponderance of the evidence in the case, that the conduct of one or more officers, or employees of the defendant was a cause of any injuries and consequent damages sustained by the plaintiff.

Any act or omission of an officer, or employee of a corporation such as Metro-North, in the performance of his duties, is held in law to be the conduct of the corporation.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Vol. 3 § 94.15, p. 605 (4th Ed. 1987); Wright & Ankerman, 1 Conn. Jury Instructions (Civil) § 21 p. 39 (4th ed. 1993).

## 2. Lost Wages for Emotional Condition Resulting From Wrongful Denial of Leave

The FMLA allows a plaintiff to recover damages for absences from work that were caused by an emotional condition that itself resulted from the employer's wrongful interference with an employee's attempt to take FMLA leave or from an employer's retaliation against an employee for exercising his rights under the FMLA. See Farrell v. Tri-County Metropolitan Transp. Dist. of Oregon, 530 F.3d 1023, 1025 (9th Cir. 2008). In other words, if the plaintiff proves that he lost wages due to stress or other mental problems resulting from the defendant's wrongful interference or retaliation against him for exercising his FMLA rights, you can award him such damages. See Id.

## 3. Aggravation of Pre-Existing Condition

The plaintiff Christopher Millea is entitled to recover full compensation for all damage proximately resulting from the defendant Metro North's conduct even though his injuries might be more serious than they would otherwise have been because of Mr. Millea's pre-existing nervous condition. A defendant takes a plaintiff as it finds him. If the wrongful acts of the defendant Metro North were a substantial factor in lighting up or aggravating Mr. Millea's pre-existing PTSD condition, Millea is entitled to damages to the extent that his condition was so aggravated or will in the future be so aggravated. Wright & Ankerman, Connecticut Jury Instructions (Civil), Vol. 1 Section 235 (4th ed. 2008).

## 4. Interference With FMLA Rights

An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the FMLA. 'Interfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. Interference would also include manipulation by a covered employer to avoid responsibilities under the FMLA.

An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.

29 U.S.C. § 825.220(a), (b) and (c); Sabbrese v. Lowe's Home Centers Inc., 320 F.Supp. 2d 311, 330 (W.D. Pa. 2004)(holding that reasonable persons could conclude that disciplining the plaintiff after the employer acknowledged his right to take leave 'chilled' or otherwise discouraged the plaintiff' assertion of his FMLA rights); Potenza v. City of New York, 365 F.3d 165, 167 (2nd Cir. 2004).

## 5. Recertification Or Adequacy of Certification

No second or third opinion on recertification may be required.
29 C.F.R. 825.308(e). If an employer has reason to doubt the validity of a medical certification it may require the employee to see another doctor. Only if the opinion of the employee's doctor and the employer's doctor differ, can an employer require the employee to see a third doctor. 29 C.F.R. 307(c).

3

FOR THE PLAINTIFF,

BY    /s/ Charles C. Goetsch
Charles C. Goetsch [ct00776]
Cahill, Goetsch & Perry, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2009 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

   /s/ Charles C. Goetsch
Charles C. Goetsch [ct00776]