UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| Christopher Millea | Civil Action<br>No: 3:06CV01929(VLB) |
| Plaintiff | |
| VS. | |
| Metro-North Railroad Company | May 15, 2009 |
| Defendant | |

_____X

**PLAINTIFF'S AMENDED
PROPOSED JURY INTERROGATORIES
AND VERDICT FORM**

I. Interference with FMLA Rights

1-1. Do you find that the plaintiff has proved by a preponderance of the evidence that he gave proper notice of his intent to take his intermittent medical leaves?

_____ Yes          _____ No

1-2. Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant denied, interfered with, restrained or otherwise discouraged the plaintiff from exercising his right to take his intermittent medical leaves?

_____ Yes          _____ No

*Go on to the next page.*

1

## II. FMLA Retaliation and Discrimination

II-1. Answer subparts (a), (b), and (c) in order to determine whether the defendant retaliated and discriminated against the plaintiff by disciplining him, threatening him to bid out of his job, requiring a second medical opinion, delaying his job bid, and placing him under surveillance:

    (a) Do you find that the plaintiff has proved by a preponderance of the evidence that he exercised rights that are protected by the FMLA?

        _____ Yes        _____ No

    (b) Do you find that the plaintiff has proved by a preponderance of the evidence that a reasonable employee would have found the defendant's actions materially adverse?

        _____ Yes        _____ No

    (c) If you answered "Yes" to subpart (b), do you find that the plaintiff has proved by a preponderance of the evidence that the defendant's actions occurred under circumstances that suggest the defendant had the intent to retaliate or discriminate against the plaintiff?

        _____ Yes        _____ No

**If you answered "No" to any of subparts (a) (b), and (c) of Section II-1, proceed to part III, Intentional Infliction of Emotional Distress, on page 4. If you answered "Yes" to all three subparts (a) (b), and (c) of Section II-1, proceed to Section II-2 on the next page.**

2

*II. FMLA Retaliation and Discrimination (continued)*

II-2. Did the defendant present a legitimate nondiscriminatory reason for all of the following alleged actions: disciplining the plaintiff, threatening him to bid out of his job, requiring a second medical opinion, delaying his job bid, and placing him under surveillance?

_____ Yes          _____ No

If you answered "Yes," proceed to the next question (II-3). If you answered "No," skip the next question and proceed to part III, Intentional Infliction of Emotional Distress, on the next page.

II-3. Do you find that the Plaintiff has proved by a preponderance of the evidence that the defendant's reason for any one or more of its alleged actions (disciplining the plaintiff, threatening him to bid out of his job, requiring a second medical opinion, delaying his job bid, and placing him under surveillance) was a pretext?

_____ Yes          _____ No

**Go on to the next page.**

### III. Intentional Infliction of Emotional Distress

1. Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant intended to inflict emotional distress on him or acted with reckless disregard for the consequences of its actions?

    _____ Yes      _____ No

2. Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant's conduct was extreme and outrageous?

    _____ Yes      _____ No

3. Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant's conduct was both the "cause in fact" and the "proximate cause" of his emotional distress?

    _____ Yes      _____ No

4. Do you find that the plaintiff has proved by a preponderance of the evidence that his emotional distress was severe or extreme?

    _____ Yes      _____ No

**Go on to the next page.**

4

Conclusion

The foreperson shall sign and date below.


Signature of Foreperson: _____


Printed Name of Foreperson: _____


Dated:          _____


Next, you must complete the proper verdict form:

If you answered "Yes" to both Questions 1-1 and 1-2, regarding interference with FMLA rights; or if you answered "Yes" to Question 11-3 regarding FMLA retaliation and discrimination; or if you answered "Yes" to Questions 11I-1, 11I-2, 11I-3, and 11I-4 regarding intentional infliction of emotional distress, please fill out the form entitled <u>JURY VERDICT FOR THE PLAINTIFF</u>.

If you answered "No" to either Question 1-1 or 1-2, regarding interference with FMLA rights; <u>and</u> you answered "No" to any of Questions 11-1 (a), 11-1 (b), or II-1(c), regarding FMLA retaliation and discrimination; <u>and</u> you answered "No" to any of Questions 11I-1, 11I-2, 11I-3, and 11I-4 regarding intentional infliction of emotional distress, please fill out the form entitled <u>JURY VERDICT FOR THE DEFENDANT</u>.

5

## JURY VERDICT FOR THE PLAINTIFF

1. Damages for interference with the plaintiff's rights under the Family and Medical Leave Act: <u>If you answered "Yes" to both Questions 1-1 and 1-2 on the Jury Interrogatories form</u>, please state the amount of damages that you award the plaintiff for the financial loss he sustained as a result of the defendant's conduct.

$ _____        (the Court will add interest to this amount)

2. Liquidated damages for interference with the plaintiff's rights under the Family and Medical Leave Act: <u>If you answered "Yes" to both Questions 1-1 and 1-2 on the Jury Interrogatories form</u>, do you find that the defendant has proved by a preponderance of the evidence that it acted in good faith and had reasonable grounds to believe that its conduct did not interfere with the plaintiff's rights under the Family and Medical Leave Act?

_____ Yes        _____ No

(If you answered "Yes" to Question 2 above, the Court will not award the plaintiff liquidated damages. If you answered "No" to Question 2 above, the Court will award the plaintiff liquidated damages in an amount equal to the amount of damages that you awarded the plaintiff in Question 1 above plus interest.)

2.

3. Damages for retaliation and discrimination against the plaintiff for exercising his rights under the Family and Medical Leave Act: <u>If you answered "No" to question II-2 **or** you answered "Yes" to Question II-3 on the Jury Interrogatories form</u>, please state the amount of damages that you award the plaintiff for the financial loss he sustained as a result of the defendant's conduct.

$ _____ (the Court will add interest to this amount)

4. Liquidated damages for retaliating and discriminating against the plaintiff for exercising his rights under the Family and Medical Leave Act: <u>If you answered " "No" to Question II-2 **or** you answered "Yes" Question II-3 on the Jury Interrogatories form</u>, do you find that the defendant has proved by a preponderance of the evidence that it acted in good faith and had reasonable grounds to believe that its conduct did not constitute retaliation and discrimination against the plaintiff for exercising his rights under the Family and Medical Leave Act?

_____ Yes          _____ No

*(If you answered "Yes" to Question 4 above, the Court will not award the plaintiff liquidated damages. If you answered "No" to Question 4 above, the Court will award the plaintiff liquidated damages in an amount equal to the amount of damages that you awarded the plaintiff in Question 3 above plus interest.)*

5. Damages for intentional infliction of emotional distress: <u>If you answered "Yes" to Questions III-1, III-2, III-3, and III-4 on the Jury Interrogatories form</u>, please state the amount of damages that you award the plaintiff to compensate him for the emotional distress he experienced as a result of the defendant's conduct.
$ _____

7

FOR THE PLAINTIFF,


BY  /s/ Charles C. Goetsch
Charles C. Goetsch [ct0776]
CAHILL, GOETSCH & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2009 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


 /s/ Charles C. Goetsch
Charles C. Goetsch