UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER MILLEA, | CIVIL ACTION |
| Plaintiff | NO. 3:06CV01929 (VLB) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | OCTOBER 11, 2011 |

### PLAINTIFF'S REPLY MEMO IN SUPPORT OF MOTION FOR APPELLATE ATTORNEY FEES AND COSTS

In *Millea v. Metro North Railroad*, 2011 U.S.App. LEXIS 16354 (2d Cir. 2011), the Second Circuit confirmed that a lodestar analysis is required in every case ("Both this Court and the Supreme Court have held that the lodestar--the product of a reasonable hourly rate and the reasonable number of hours required by the case--creates a 'presumptively reasonable fee'." Id. at *23). In his original Memo in Support of Motion or Attorneys Fees, Doc 123, the plaintiff conducted the required lodestar analysis, and in its Objection Metro North did not object to the hourly rate of plaintiff's counsel and did not produce any affidavits as proof of a different a rate applicable to attorneys with the same experience and skills. Doc.133. As such, Metro North has waived that argument.

Moreover, the current Motion only concerns attorney fees for the appeal to the Second Circuit, not for the trial. Metro North does not dispute the number of hours spent working on the appeal to the Second Circuit. Metro North only disputes the hourly fee, arguing for a 40% reduction in the usual hourly rate. However, Metro North does not engage in the lodestar analysis required by the Second Circuit, and instead only points to a handful of unrelated District Court cases, none of which concerned a separate fee award for a successful appeal to the Second Circuit. This is directly contrary to the Second Circuit's mandate in this case and to the law in this district ("a reasonable hourly rate is not ordinarily ascertained simply by reference to rates awarded in prior cases." *Serricchio v. Wachovia Securities, LLC*, 706 F.Supp.2d 237, 253 (D.Conn. 2010)).

Lodestar Analysis

The lodestar analysis factors required by the Second Circuit in determining the hourly rate are confirmed in *Arbor Hill Concerned Citizens Neighborhood Assoc. et al v. County of Albany et al*, 522 F.3d 182, 190 (2d Cir. 2007), citing to twelve the factors listed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). All twelve of those lodestar factors must be considered, rather than focusing on one factor to the exclusion of all others. Yet Metro North urges the Court to focus on only one factor out of the twelve, namely awards in other cases. An application of the twelve factors to this case reveals the following.

### Time and Labor Expended
Metro North does not dispute that the hours expended for the appeal.

### Novelty and Difficulty of the Questions Raised
This was a case of first impression in the Second Circuit, and established new law confirming that the *Burlington Northern* standard of retaliation applies in FMLA cases in the Second Circuit.

### Skill Required to Properly Perform the Legal Services
Appeals to the Second Circuit are not common, and relatively few attorneys have experience conducting them. Plaintiff's counsel has handled over a dozen Second Circuit appeals, and the result in this case speaks for itself.

### Attorneys' Opportunity Costs in Pressing Instant Litigation
The amount of time consumed by this appellate litigation is confirmed by the detailed list of time and labor filed with the Motion. Metro North does not dispute the amount of that time, time which would otherwise would have been devoted to earning attorney fees by progressing other cases.

### Attorneys' Customary Fee for Like Work
There is no dispute that the customary fee of plaintiff's attorney is $500 per hour.

### Whether Fee is Fixed or Contingent
The attorney fee for the time and labor involved in handling and progressing the appeal was based on the hourly rate of the attorney, and was subject to the success of the appeal.

### Time Limitations Imposed by the Circumstances

The relatively short and strict time deadlines imposed by the Second Circuit are well known, and compliance requires putting aside other matters.

### Results Obtained

The plaintiff obtained 100% success on both of the issues raised with the Second Circuit, and also succeeded in having the Second Circuit deny the relief requested by Metro North's appeal.

### Experience, Reputation, and Ability of the Attorney

These factors were fully addressed in the Affidavits filed with the Court, Doc 123, and incorporated by reference in this Motion. See also the discussion of prior fee awards below.

### Undesirability of the Case

As noted earlier, this was the first FMLA case brought in court against Metro North, and was vigorously opposed at every step by the Railroad. Most FMLA claims involve small monetary damages, and if the trial court's attorney fee award had been affirmed, the majority of FMLA claimants would go unrepresented by counsel. Moreover, there was no guarantee the Second Circuit would reverse, presenting the prospect of even more uncompensated attorney fees.

### Nature and Length of Professional Relationship Between Attorney and Client

This is not a significant factor in this case.

**Attorney Fees Awards in Similar Cases**
Metro North does not point to any case conducting an analysis of attorney fees in a FMLA case or an analysis of attorney fees for a successful appeal to the Second Circuit. Metro-North fails to conduct the required lodestar analysis for this case, and instead only points to cases that can and should be distinguished by the applicable factors. (see discussion below).

Thus, the lodestar amount (including the additional time spent on this Reply Memo) for the attorney fees spent on the appeal is 47.5 hours $500 = $23,750.

**Prior Cases Concerning Attorneys of Similar Skill, Experience, and Reputation**

The Supreme Court and the Second Circuit make it clear that a reasonable hourly rate is the "prevailing market rate," which is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984), *Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980). In the words of the Second Circuit:

> Thus, "a reasonable hourly rate" is not ordinarily ascertained simply be reference to rates awarded in prior cases. . . . Instead, the equation in the caselaw of a "reasonable hourly fee" with the "prevailing market rate" contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. This may, of course, include judicial notice of the rates awarded in prior cases and the court's own

familiarity with the rates prevailing the district. But determination of the prevailing marked rate in the relevant community also requires an evaluation of evidence proffered by the parties.

*Farbotko v. Clinton County of New York*, 433 F.3d 204, 209-210 (2d Cir. 2005) [citations omitted]. Thus the Second Circuit makes it clear that a trial court must consider the evidence submitted by the parties in light of prior fee awards to attorneys of similar experience. As such, it would be error for a trial court to ignore the actual evidence submitted by the parties (here, three Affidavits) while only considering the hourly rates applicable to attorneys of dissimilar experience and skill. Yet that is precisely what Metro North is urging the court to do.

**Actual Evidence Submitted by the Parties**

The only evidence before the court addressing the market rate for attorneys of similar experience and skill are the three Affidavits attached to Document 123. Those Affidavits confirm that the market rate for attorneys of over 33 years experience in the New Haven area for representing plaintiffs in fee-shifting statute cases is $500. For example, Attorney Joseph Garrison affirmed:

> **5. I am aware, by reputation, of Charles Goetsch's trial skills. He has taken, and prevailed and settled, basically all of the most difficult railroad worker cases which have been litigated in Connecticut.**
>
> **6. I understand that his current billing rate is $500 per hour. Based on my knowledge of the market and of comparable trial attorneys, this rate is an accurate measure of Mr. Goetsch's value in the marketplace.**

Exhibit 1 attached to Document 123. Similarly, Attorney David Rosen affirmed his standard hourly rate is $500 per hour and "based on my knowledge of attorneys' hourly rates in this District, that rate is consistent with other attorneys, such as Attorney Goetsch, who possess a similar level of experience and expertise." Exhibit 2 attached to Document 123. This evidence is not refuted.

**Prior Awards to Attorneys of Similar Experience**

Metro North cannot cite one prior case where an attorney with over 33 years experience trying employment related federal court cases was limited to an hourly rate of $300 to $350. A review of prior fee awards to attorneys with over 33 years experience reveals the following hourly rates were applied: $500 in *Muhammed v. Martoccio*, 2010 U.S.Dist LEXIS 94817 (D.Conn. 2010); $465 in *Serricchio v. Wachovia*, 706 F.Supp.2d 237 (D.Conn 2010); $425 in *Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port Authority*, 2011 U.S.Dist. LEXIS 16995 (D.Conn. 2011); and $400 in *Vereen v. Siegler*, 2011 U.S.Dist. LEXIS 64162 (D.Conn. 2011). And indeed, in 2008 even an attorney with less than 20 years experience was awarded an hourly rate of $400, *Pappas v. Wyatt & Co.*, 2008 U.S. Dist. LEXIS 34 (D.Conn. 2008).

The other cases cited by Metro North do not indicate how many years experience trying federal court cases the attorneys involved had, and cannot be used to establish the market rate for an attorney with over 33 years of such experience. For example, *Home Funding Group, LLC v. Kochman*, 2008 U.S.Dist.

LEXIS 70809 (D.Conn. 2008), was a breach of contract case applying Connecticut state law, and *Heyward v. PRA Recovery, Inc.*, 2011 U.S.Dist. LEXIS 51270 (D.Conn. 2011), concerned a default judgment with no pretrial or trial work.

Metro North's argument "that an hourly rate between $300 and $350 is reasonable under the circumstances and in light of the prevailing rates reflected in other cases" (Doc. 152 at p.5) ignores the applicable standard and does not reflect the awards in prior cases to attorneys of similar experience.

Factors Supporting Adjustment of Lodestar Upwards

After establishing the presumptively reasonable lodestar amount, "the court conducts a qualitative analysis in which it 'may adjust the lodestar figure upward or downward to take account such subjective factors as the risk and complexity of the litigation and the quality of the representation.'" *Hubbard v. Total Communications, Inc.*, 2010 U.S.Dist. LEXIS 48832 (D.Conn. 2010), citing *Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 505 (2d Cir. 1980). Metro North completely ignores this step.

Here, there is no dispute that the plaintiff established new law in this Circuit regarding the standard to apply in FMLA retaliation cases and FMLA fee awards. He was 100% successful in the appeal, and the resulting decision provides important guidance going forward for all the attorneys and trial courts in this Circuit dealing with FMLA and fee-shifting cases. Given these circumstances, the plaintiff respectfully submits there are grounds to adjust the lodestar upward to take these subjective factors into account.

### Appeal Costs

There is no dispute that under the FMLA all costs are recoverable, including costs beyond the usual Bill of Costs. The full FMLA costs are attached to plaintiff's Memo in Support, Document 151, and total $7,156.37, including costs of $2,317.32 for obtaining the transcripts for the appeal. Metro North has not paid the full amount of those costs, and the plaintiff is entitled to the full amount.

### Conclusion

For the reasons set forth above and in the prior pleadings incorporated by reference, the plaintiff respectfully submits that the court award $23,750 in attorney fees and $7,156.37 in costs for the appeal of this case.

Respectfully submitted,

For The Plaintiff,

BY /s/ Charles C. Goetsch
Charles C. Goetsch (ct00776)
CAHILL GOETSCH & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Tel: (203) 777-1000
Fax: (203 865-5904
charlie@trainlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Charles C. Goetsch
Charles C. Goetsch